IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | |
|---|---|
| MARK CEDRIC BASS, SR., #279 120, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 3:12-CV-1124-TMH |
| | )                [WO] |
| GARY HETZEL, WARDEN III, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

It is

ORDERED that Petitioner is GRANTED leave to proceed *in forma pauperis*.

The instant application for habeas corpus relief was originally filed in the United States District Court for the Northern District of Alabama on November 1, 2012.[1] That court directed transfer of the petition to this court by order entered December 6, 2012.

The court has carefully reviewed the instant petition for habeas corpus relief. From that review the undersigned finds that it represents a duplicate of a habeas corpus application filed by Petitioner in this court on November 1, 2012. *See Bass v. Hetzel*, Civil Action No. 3:12-CV-979-TMH. The court, therefore, deems it appropriate to dismiss the captioned

---

[1] Although the present petition was stamped "filed" by the transferor court on November 8, 2012, the petition was signed by Petitioner on November 1, 2012. A *pro se* inmate's petition is deemed filed the date it is delivered to prison officials for mailing. *Houston v. Lack,* 487 U.S. 266, 271-272 (1988); *Adams v. United States*, 173 F.3d 1339, 1340-41 (11th Cir. 1999); *Garvey v. Vaughn*, 993 F.2d 776, 780 (11th Cir. 1993). "Absent evidence to the contrary in the form of prison logs or other records, [this court] must assume that [the instant petition] was delivered to prison authorities the day [Bass] signed it . . ." *Washington v. United States*, 243 F.3d 1299, 1301 (11th Cir. 2001).

action as it simply represents a duplication of Petitioner's prior case filing.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the instant petition for habeas corpus relief be dismissed.

It is further

ORDERED that on or before **January 24, 2013** Petitioner may file an objection to the Recommendation. Any objection filed must specifically identify the findings in the Magistrate Judge's Recommendation to which Petitioner objects. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file a written objection to the proposed findings and recommendations in the Magistrate Judge's report shall bar Petitioner from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (*en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 10th day of January 2013.

    /s/Terry F. Moorer
    TERRY F. MOORER
    UNITED STATES MAGISTRATE JUDGE